IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KEITH DOYLE, ) | Cause No. CV 05-66-BU-CSO |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING FORMA PAUPERIS |
| ) | STATUS AND PERMITTING PLAINTIFF |
| BUTTE/SILVER BOW COUNTY ) | TO AMEND |
| COMMISSIONERS; BUTTE/SILVER ) | |
| BOW COUNTY; JACK WALSH, Former) | |
| Head Jailer of the Old Butte/ ) | |
| Silver Bow County Jail; ED ) | |
| O'NEAL, New Head Jailer of the) | |
| Butte/Silver Bow County Jail; ) | |
| SHERIFF JOHN WALSH of Butte/ ) | |
| Silver Bow County and County ) | |
| Jail; JEROME McCARTHY, Cpt. of) | |
| the New Butte/Silver Bow ) | |
| County Jail; GEORGE ) | |
| SCHOOLTICH, Former Cpt. of the) | |
| Old Butte/Silver Bow County ) | |
| Jail, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On September 22, 2005, Plaintiff Keith Doyle applied to proceed in forma pauperis with this action under 42 U.S.C. § 1983. On December 30, 2005, Doyle moved the Court either to verify that he requested damages in his Complaint or to allow him to amend the Complaint to request damages. Doyle is a state prisoner proceeding pro se.

**I. Forma Pauperis Application**

ORDER GRANTING FORMA PAUPERIS STATUS
AND PERMITTING PLAINTIFF TO AMEND / PAGE 1

Doyle submitted an inmate account statement covering the period from April 18, 2005, to September 13, 2005. Although the account statement covers slightly less than six months, after reviewing it and the Application, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once. The Application to Proceed In Forma Pauperis will be granted.

Notwithstanding his forma pauperis status, Doyle is required to pay the statutory filing fee of $250.00 for this action, even if the case is dismissed. See 28 U.S.C. § 1915(b)(1), (e)(2). Because he submitted an account statement ending on September 13, 2005, the Court does not know the current balance of his account. Therefore, the initial partial filing fee will be waived. However, Doyle must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. See id.

**II. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)

(en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Doyle's Allegations

Doyle was incarcerated at the old and at the new Butte/Silver Bow County Jail between May 5, 2003, and April 15, 2005.  He had undergone back surgery prior to his arrest and required physical therapy.  Doyle's counsel twice moved the state district court to

ORDER GRANTING FORMA PAUPERIS STATUS
AND PERMITTING PLAINTIFF TO AMEND / PAGE 3

order Sheriff John Walsh to consult with Ruth Lee at Community Health Center in Butte, because Lee had informed counsel that Doyle's lack of access to physical therapy might result in nerve damage and permanent loss of function in Doyle's foot and leg. See Compl. Exs C, D.  On two occasions, Judge John Whelan of the Second Judicial District ordered the Sheriff to contact Ruth Lee at Community Health Center to make arrangements to transport Doyle there for examination by a doctor and a physical therapist. See Compl. Exs. A, B.  Doyle asserts that neither of those Orders was obeyed.

Doyle claims that the Butte/Silver Bow County Commissioners are legally responsible for overseeing the training and supervision of the other Defendants.  He also claims they were made aware of Doyle's medical situation and the denial of medical care and that they failed to prevent or correct that denial.  Compl. "Facts Section" at 7.[1]  He contends that the County also failed to properly train or supervise the Defendants, including Sheriff Walsh, id. at 8-9, and that Sheriff Walsh is liable both for failing to provide the ordered medical care and for placing him at the old Butte/Silver Bow County Jail, which was condemned by the Montana Board of Health, id. at 9-13.  He avers that the other Defendants, Jack Walsh, O'Neal, McCarthy, and Schooltich, were made

---

[1] Doyle attached two separate "sections" to his Complaint, one titled "Facts Section" and one titled "Relief Section."

aware of the state court's orders and Doyle's need for medical treatment, <u>id</u>. at 12, 13-21, but did nothing.  Doyle also asserts that Jailer Jack Walsh threatened to place Doyle on a different cell block and to "personally arrange to have his ass kicked on a regular basis," <u>id</u>. at 13-14, if he continued to complain about his medical condition.

As a result of the lack of medical care, Doyle contends that he has lost 50%-60% of the mobility in his left leg and that he experiences constant pain and discomfort, sleeplessness, migraine headaches, and lower back pain.  He also asserts that he sometimes loses his balance, cannot hold his weight on his left leg, and has numbness and loss of feeling in his toes.  <u>See</u> Compl. at 5, ¶ V.

Doyle asserts that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the Federal Constitution, under the Montana Constitution, under state criminal law, and under the state district court judge's orders.  <u>See, e.g.</u>, Compl. "Facts Section" at 13-15.  For his relief, he seeks declaratory judgment, an order prohibiting the Defendants from retaliating against him for filing suit, referral for contempt of court and criminal prosecution, compensatory and punitive damages, costs of suit and attorney's fees, and such other relief as the Court may deem appropriate.  Compl. "Relief Section" at 1-6.

**IV. Analysis**

   **A. Eighth Amendment Standards**

To show a violation of the Eighth Amendment, a prisoner must show both (1) that he was confined under conditions posing a risk of objectively sufficiently serious harm and (2) that each defendant had a sufficiently culpable state of mind in denying the proper medical care. Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (quoting Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)) (internal quotation marks omitted). "A defendant is liable for denying needed medical care only if he knows of and disregards an excessive risk to inmate health and safety." Id. (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted).

> In order to know of the risk, it is not enough that the person merely be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists . . . he must also draw that inference. . . . [I]f a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction.

Id. (quoting Gibson, 290 F.3d at 1188). Denial of or interference with medical treatment may make a defendant "deliberately indifferent" to prisoners' serious medical needs. Id. (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)). Delay of medical care may also amount to deliberate indifference, provided the delay led to further injury. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

**B. County Commissioners**

Doyle claims that the County Commissioners were responsible

for overseeing the training and supervision of the other Defendants.  That is not a proper basis for individual liability under § 1983; there is no respondeat superior[2] liability under 42 U.S.C. § 1983.  Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996).  In other words, the fact that the Commissioners oversee all the County's operations cannot make them individually liable for civil rights violations committed by other county officials or employees.  There must be something more.

Doyle asserts that the Butte/Silver Bow County Commissioners knew of his medical condition and the denial of medical care.  That assertion suggests there might be "something more" that makes the Commissioners liable for violating Doyle's Eighth Amendment right to adequate medical care.  However, Doyle does not adduce any facts to support his assertion.  Without facts to show that the Commissioners knew how serious Doyle's condition was, he does not fairly allege that they were "deliberately indifferent" to his serious medical needs.

Doyle may be able to allege facts showing that the Commissioners were deliberately indifferent to his serious medical

---

[2]  The phrase means "let the superior make answer" or "look to the person higher up."  See Black's Law Dict. 1313 (7th ed. 1999).

ORDER GRANTING FORMA PAUPERIS STATUS
AND PERMITTING PLAINTIFF TO AMEND / PAGE 7

needs. He will be given an opportunity to do so.

**C. Butte/Silver Bow County**

Similarly, Doyle's Complaint does not state a claim against the County, but it might be amended to do so.

A county might be liable either directly or indirectly for a violation of a prisoner's civil rights. The prisoner might show that a county performed some affirmative act or directed an employee to perform an act that violates constitutional rights. See, e.g., Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Under this scenario, "the focus is on the [county's] policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 1187. Additionally, the actions of one or more high-ranking individuals, such as a commissioner or a sheriff, might make the county liable if that individual violated the prisoner's constitutional rights. Id. at 1188 n.10 ("municipalities act through their policymakers, who are, of course, natural persons").[3]

Alternatively, a prisoner might show that a county is indirectly responsible for a constitutional tort committed by one or more of its employees, "even though the [county's] policies were facially constitutional, the [county] did not direct the employee

---

[3] Whether a particular individual is a policy-maker is a question of state law. See McMillian v. Monroe County, 520 U.S. 781, 786 (1997).

to take the unconstitutional action, and the [county] did not have the state of mind required to prove the underlying violation." Gibson, 290 F.3d at 1186 (citing City of Canton v. Harris, 490 U.S. 378, 387-89 (1989)).  Under this 'indirect' approach, the plaintiff must show (1) that a county employee violated his rights; (2) that the county omitted to take action to prevent violations of the sort committed by the employee; (3) that the county's omission was the "moving force" behind the violation, in the sense that the county could have prevented the violation by taking action; and (4) that the county had actual or constructive notice that its omission would likely result in a constitutional violation, or in other words, that the need to take action to prevent constitutional violations was objectively obvious.  Gibson, 290 F.3d at 1186, 1194-95.  See also Amos v. City of Page, 257 F.3d 1086, 1094 (9th Cir. 2001); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Doyle alleges that Butte/Silver Bow County failed to properly train or supervise the Defendants.  He may not proceed against the County if that is all he can allege.  He must be able to allege, in good faith, that the County knew that its training or supervision was deficient in the specific areas that affected him.

**D. Fed. R. Civ. P. 11**

As a general matter, Doyle is advised that, as a pro se litigant, he is bound by Rule 11 of the Federal Rules of Civil Procedure.  For his reference, subsection (b) of that rule is set

forth in an attachment to this Order.

**V. Motion to Verify or Amend**

As set forth in Part II, "Doyle's Allegations," the Court acknowledges that he requested both compensatory and punitive damages in his Complaint. There is no need to amend the pleading to state a claim for damages. The docket sheet for the case does not show an amount demanded, but it is not required to do so. The content of the Complaint takes precedence.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Court's doc. 1) is GRANTED. The Clerk of Court shall immediately file the Complaint and shall waive prepayment of the filing fee.

2. Doyle's motion for verification or for amendment (Court's doc. 2) is MOOT.

3. On or before **February 7, 2006,** Doyle may file an amendment to his Complaint alleging additional facts against the Butte/Silver Bow County Commissioners and/or Butte/Silver Bow County. The amendment must be limited to **seven (7) pages** and written in black or blue ink on unlined paper. If Doyle fails to timely file such an amendment, the Court will recommend that the Commissioners and/or the County be dismissed without prejudice.

4. <u>Doyle must immediately notify the Court of any change of</u>

<u>address.</u>  Failure to do so may result in dismissal of this case without further notice.

DATED this 20th day of January, 2006.

                                        **/S/ Carolyn S. Ostby**
                                        Carolyn S. Ostby
                                        United States Magistrate Judge

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).